[Cite as *State v. White*, 2016-Ohio-7116.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals Nos. L-15-1311
                                                                              L-15-1312
         Appellee
                                                 Trial Court Nos. CR0201401427
v.                                                                CR0201401104

Robert White                                     **DECISION AND JUDGMENT**

         Appellant                               Decided:  September 30, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Matthew D. Simko, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** This is a consolidated appeal from the judgment of the Lucas County Court of Common Pleas, sentencing appellant, Robert White, to 28 months in prison pursuant to his guilty plea to two counts of grand theft, one count of forgery, and one count of attempt to commit grand theft of a motor vehicle.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On January 22, 2014, appellant was indicted in case No. CR0201401104, and charged with two counts of grand theft in violation of R.C. 2913.02(A)(1) and (B)(5), felonies of the fourth degree. Three months later, appellant was indicted in case No. CR0201401427, and charged with one count of forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(a), and one count of attempt to commit grand theft of a motor vehicle in violation of R.C. 2923.02, felonies of the fifth degree. According to the presentence investigation report, appellant's charges in case No. CR0201401104 arose out of an incident that occurred on December 23, 2013, in which appellant stole a Jeep Grand Cherokee SRT and a Chrysler 300 SRT from Yark Automotive, a car dealership located in Lucas County. The charges in case No. CR0201401427 stem from an incident that occurred at Grogan's Towne Chrysler, another car dealership located in Lucas County, in which appellant attempted to steal a 2013 Dodge Challenger using a fraudulent driver's license.

{¶ 3} On March 26, 2014, the trial court held appellant's arraignment, at which appellant failed to appear. Consequently, a warrant was issued for appellant's arrest. On September 11, 2014, appellant allegedly notified Tom Ross, an investigator for Lucas County, that he wished to be brought to trial on the foregoing charges.[1] Appellant was incarcerated in Michigan on a 17-month sentence for fleeing and eluding police at the

---

[1] Notably, the letter that appellant allegedly sent to Ross via certified mail is not contained in the record in this case. However, the letter was mentioned by appellant's trial counsel at appellant's arraignment and again at sentencing.

2.

time. Upon his release from prison in August 2015, appellant was arrested and delivered to the trial court for arraignment. On August 12, 2015, appellant appeared before the trial court and entered a plea of not guilty to all charges contained in the indictments. Approximately six weeks later, appellant reappeared before the trial court for a plea hearing at which he changed his plea to guilty in exchange for the state's agreement not to oppose community control. After a thorough Crim.R. 11 colloquy, the trial court accepted appellant's plea and continued the matter for sentencing following the preparation of a presentence investigation report.

{¶ 4} At sentencing, the trial court ordered appellant to serve 17 months in prison on each grand theft charge in case No. CR0201401104, to be served concurrently. The court imposed sentences of 11 months each for the forgery charge and the charge for attempt to commit grand theft of a motor vehicle in case No. CR0201401427, to be served concurrently. The court further ordered the sentences in case No. CR0201401104 to be served consecutive to the sentence imposed in case No. CR0201401427, for a total prison term of 28 months.

{¶ 5} Thereafter, appellant filed his timely notice of appeal in both cases. The appeals were subsequently consolidated by order of this court on December 21, 2015.

### B. Assignments of Error

{¶ 6} On appeal, appellant asserts the following assignments of error:

I. Appellant was denied the effective assistance of counsel.

3.

II.  The trial court committed reversible error when it failed to advise appellant of all sentencing options including community control.

## II.  Analysis

{¶ 7} In his first assignment of error, appellant argues that he was denied the effective assistance of counsel because trial counsel failed to file a motion to dismiss based upon the state's failure to comply with Ohio's interstate agreement on detainers.  In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  That is, appellant must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Id.* at 687-688, 694.

{¶ 8} R.C. 2963.30, which codifies the interstate agreement on detainers, sets forth the following, in relevant part:

Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to

4.

the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

{¶ 9} Citing R.C. 2963.30, appellant argues that his charges should have been dismissed since he was not brought to trial within 180 days of September 11, 2014, the date on which the state allegedly received his notification that he wished to be brought to trial on the underlying charges in this case. The state responds by noting appellant's acknowledgement that the letter was sent to the "Lucas County investigator," not the prosecuting officer or trial court as required under the express terms of R.C. 2963.30.

{¶ 10} Having reviewed the record, we agree with the state's assertion that appellant failed to comply with R.C. 2963.30 insofar as he did not send his letter to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction.

5.

Moreover, because the letter is not a part of the record, we are unable to determine whether the letter was accompanied by a certificate stating appellant's term of commitment, the time already served, the time remaining to be served, the amount of good time earned, the time of appellant's parole eligibility, and any decisions of the state parole agency relating to appellant. Thus, we find that trial counsel did not act unreasonably in failing to file a motion to dismiss based upon the state's alleged failure to comply with the mandates of R.C. 2963.30. Furthermore, because of the aforementioned deficiencies in appellant's letter, we find that the trial court would have denied a motion to dismiss in any event. Consequently, appellant has failed to demonstrate that the result of the proceedings would have been different had counsel filed a motion to dismiss.

{¶ 11} Accordingly, appellant was not deprived of the effective assistance of trial counsel. Appellant's first assignment of error is not well-taken.

{¶ 12} In his second assignment of error, appellant argues that the trial court erred when it failed to advise him of "all potential sentencing options including community control" during the plea hearing.

{¶ 13} Crim.R. 11 governs the entry and effect of all possible pleas in a criminal action. As to the entry of a guilty plea in a felony case, Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

6.

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 14} In the present case, appellant alleges that the trial court failed to advise him that the charges to which he pleaded guilty did not require a mandatory prison sentence. Further, appellant complains that the trial court failed to inform him of the maximum amount of time community control could be imposed or the potential penalties for violating the terms of community control.

{¶ 15} Our review of Crim.R. 11(C)(2) reveals no requirement that the trial court inform appellant that the charges to which he pleaded guilty were eligible for community

7.

control.  On the contrary, the court must inform the defendant of "the *maximum* penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."  (Emphasis added.)  Crim.R. 11(C)(2)(a).  The trial court complied with this requirement when it informed appellant of the maximum potential sentence for each charge at the sentencing hearing.  Relevant here, the court questioned appellant as follows:

> THE COURT:  Do you understand that the penalties which could be imposed for these offenses are as follows:  as to each of the fifth degree felonies, up to 12 months of incarceration and a maximum possible fine of $2,500.  And as to the fourth degree felonies, each of them are punishable by up to 18 months of incarceration and a maximum fine of $5,000.
>
> THE DEFENDANT:  Yes, sir.  I understand.

The court later ensured that appellant understood the plea form that he had previously signed.  The form included information concerning the potential sentence appellant could receive for each charge to which he pleaded guilty.

{¶ 16} Furthermore, we disagree with appellant's argument that the trial court erred when it failed to inform him of the maximum amount of community control it could impose or the potential penalties for violating the terms of community control.  Once again, the trial court was merely required to notify appellant of the maximum sentence, which, in this case, consisted of a term of imprisonment as to each offense.  Given the

trial court's provision of such information, we find no error in the trial court's acceptance of appellant's guilty plea under Crim.R. 11.

**{¶ 17}** Accordingly, appellant's second assignment of error is not well-taken.

### III.  Conclusion

**{¶ 18}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.          _____
                         JUDGE

Stephen A. Yarbrough, J.

                    _____
James D. Jensen, P.J.           JUDGE
CONCUR.

                    _____
                         JUDGE